```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                              )
LAWRENCE WATSON,              )
                              )
        Plaintiff,            )
                              )
        v.                    )   CIVIL ACTION
                              )   NO. 11-10875-WGY
UNKNOWN CLERK 1, et al.,      )
                              )
        Defendants.           )
_____)
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                      September 8, 2011

For the reasons set forth below, the Court (1) grants the plaintiff's motion for leave to proceed in forma pauperis; (2) denies the plaintiff's motion for leave to amend the complaint; and (3) dismisses this action.

**I.   Background**

On May 6, 2011, Lawrence Watson filed a self-prepared complaint and a motion (#2) for leave to proceed in forma pauperis.  On August 31, 2011, Watson filed a motion (#4) captioned as a motion to amend the complaint, but the motion indicates that, rather than seeking to amend the complaint, he wishes to bring a separate petition for a writ of habeas corpus under 28 U.S.C. § 2254 in addition to prosecuting the claims set forth in the complaint.

In the lengthy complaint, Watson alleges that state judges and court officers violated his state and federal rights in

connection with Watson's litigation in the state probate court over the past eight years concerning visitation rights, child support payments, and protective orders. In this nine-count action, Watson claims, <u>inter alia</u>, that court officers failed to allow him to file documents, to assemble documents for an appeal, and to allow him access to documents. He also alleges that the superiors of these court officers, including judges, failed to require the employees to follow the law and to investigate the alleged misconduct of their subordinates and of other judges. Watson further alleges that the judges failed to follow the law, to grant the plaintiff hearings, to issue specific findings when ruling on motions, to address in a timely fashion Watson's requests for relief concerning, to allow Watson to file documents, to appoint counsel for Watson, and to allow Watson's discovery requests.

## II. Discussion

### A.    Motion for Leave to Proceed <u>In Forma Pauperis</u>

Upon review of Watson's motion for leave to proceed <u>in forma pauperis</u>, the Court concludes that Watson is without income or assets to pay the $350.00 filing fee. The motion is therefore granted.

**B.     Screening of the Complaint**

    **1.    Court's Authority to Screen the Complaint**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  This statute authorizes federal courts to dismiss a complaint <u>sua sponte</u> if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

For the reasons set forth below, the plaintiff's complaint is subject to dismissal.

    **2.    <u>Rooker-Feldman</u> Doctrine and Abstention**

Under the <u>Rooker-Feldman</u> doctrine, a federal district court lacks jurisdiction over a final judgment of a state court.  <u>See</u> <u>Geiger v. Foley Hoag LLP Retirement Plan</u>, 521 F.3d 60, 65 (1st Cir. 2008).  In other words, the doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court.'" <u>Puerto Ricans for Puerto Rico Party v. Dalmau</u>, 544 F.3d 58, 68 (1st Cir. 2008) (quoting <u>Exxon</u>

Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); see also D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  The doctrine applies to (1) "cases brought by state-court losers"; (2) "complaining of injuries caused by state-court judgments"; (3) "rendered before the district court proceedings commences"; and (4) "inviting district court review and rejection of those judgments."  Lance v. Dennis, 546 U.S. 459, 464 (2006) (per curiam).

The thrust of plaintiff's lengthy complaint is that state court rulings, judgments, and procedures against him were unlawful.  The Court finds that such claims are barred by the Rooker-Feldman doctrine.[1]

To the extent that Watson's claims concern ongoing state court probate proceedings, the Court abstains from exercising jurisdiction over this action.  See Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 31 (1st Cir. 2004) ("Younger [abstention] is a court-made rule of abstention built around the principle that, with limited exceptions, federal courts should refrain from issuing injunctions that interfere with ongoing state-court litigation . . . ." (citing Younger v. Harris, 401 U.S. 37, 43-

---

[1] For example, Watson's claims are, in part, challenges to the decisions of the Justices of the Supreme Judicial Court in Watson v. Walker, 447 Mass. 1014 (2006) and Watson v. Walker, 455 Mass. 1004 (2009).  See Compl. ¶¶ 69, 122.

4

45, 53-54 (1971))).

### 3. Judicial Immunity

Twelve of the twenty-one defendants are state court judges. The claims against these defendants fail because the judges are entitled to judicial immunity. See Pierson v. Ray, 386 U.S. 547, 554 (1967) (stating that judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly").

## C. Motion to Amend the Complaint

Although a plaintiff may amend the complaint once as a matter of right at this stage of litigation, see Fed. R. Civ. P. 15(a)(1), Watson does not truly seek to amend his complaint. Instead, he wishes to add to his complaint a petition under 28 U.S.C. § 2254, in which he challenges the state court's failure to bring him to trial on criminal contempt charges based on his alleged failure to pay child support.[2] Any request for habeas relief is a separate cause of action and is not a claim for relief that may be brought in a non-habeas civil rights action. If Watson wishes to bring a habeas action, he must file a separate case and pay the appropriate filing fee ($5.00) or seek

---

[2] Watson argues that he is "in custody" within the meaning of 28 U.S.C. § 2254 because he is required to report to the probation department on a weekly basis while the criminal contempt charges against him are pending.

a waiver thereof.

**<u>ORDER</u>**

Accordingly:

1.   The motion (#2) for leave to proceed <u>in forma pauperis</u> is GRANTED.

2.   The motion (#4) to amend is DENIED.

3.   This action is dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

SO ORDERED.

                                               /s/ William G. Young  
                                              WILLIAM G. YOUNG  
                                              UNITED STATES DISTRICT JUDGE